UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JONATHAN JOSEPH,

                 Plaintiff,

v.

829 SOUTH URBAN RENEWAL, LLC,

                 Defendant.

Civil Action No. 25-cv-2556 (JXN)(SDA)

**OPINION**

**NEALS**, District Judge

    This matter comes before the Court upon Defendant 829 South Urban Renewal, LLC's ("Defendant") unopposed motion to dismiss pro se Plaintiff Jonathan Joseph's ("Plaintiff") Amended Complaint pursuant to Federal Rules of Civil Procedure[1] 8(a) and 12(b)(6). (ECF No. 10.) The Court has carefully considered the parties' submissions (the Amended Complaint and Defendant's motion) and decides this matter without oral argument pursuant to Rule 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion to dismiss is **GRANTED.**

**I.    BACKGROUND**

    Plaintiff filed a complaint against Defendant on April 7, 2025, (Compl., ECF No. 1), which he later amended, (Am. Compl., ECF No. 5). The Amended Complaint is incomprehensible. Plaintiff states jurisdiction is proper "by way of sufficiency of pleadings," (*id.* ¶ 1), and asserts the following statements as "facts":

> [Plaintiff] has exhausted Administrative Remedy and comes to this [C]ourt of equity with Clean Hands and in Good Faith. . . . [Plaintiff] has established "judgement in estoppel" against [Defendant] . . . . [Plaintiff's] administrative

---

[1] All references to "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

> remedy is res judicata. Failure of [Defendant] to respond in this matter is stare decisis. [Plaintiff's] administrative remedy is ripe for judicial review and there are no facts in controversy.

(*Id.* ¶¶ 5-9.) Plaintiff claims he has "placed the facts and law before this honorable [C]ourt," he is "entitled to relief in this equitable claim," and that Defendant is "estopped for failure to respond to original administrative process." (*Id.* ¶¶ 10-12.) And Plaintiff seeks the following relief: "judicial review of [Plaintiff's] administrative processes and remedy"; that the Court "execute on the law of the contract before this Court"; "summary judgment on [Plaintiff's] administrative remedy"; and an order that Defendant pay Plaintiff $12,144,000.07. (*Id.* ¶¶ 13-17.)

Defendant moved to dismiss pursuant to Rules 8(a) and 12(b)(6). (*See* Def.'s Mot. to Dismiss, ECF No. 10.)

## II. LEGAL STANDARD

Rule 8(a)(2) requires all pleadings to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The question is whether, "liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). "[A] pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

A court may "dismiss a complaint for failure to comply with Rule 8." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if

any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

To be sure, pro se complaints, like Plaintiff's, are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But "there are limits to [the Court's] procedural flexibility." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Pro se litigants "must abide by the same rules that apply to all other litigants," including Rule 8(a)(2). *Id.*

### III. DISCUSSION

The Court is unable to discern from the Amended Complaint what claim Plaintiff is asserting against Defendant. Indeed, Plaintiff fails to explain what Defendant did or why that entitles him to relief. (*See* Am. Compl.) The only fact Plaintiff seemingly alleges is that he has been domiciled in New Jersey for at least a year.[2] (*Id.* ¶ 3.) But this is not enough factual matter "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, the Amended Complaint, as currently written, fails to "give the [D]efendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley*, 355 U.S. at 47).

Further, the Amended Complaint lacks "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). "It is hornbook law that the jurisdiction of the federal court must appear in the plaintiff's statement of his claim." *Schultz v. Cally*, 528 F.2d 470, 474 (3d

---

[2] While Plaintiff attaches several documents to the Amended Complaint (*see* ECF Nos. 5-1 to -3), he fails to explain their meaning or significance. The Court declines to do so for him. "'Judges are not like pigs, hunting for truffles buried in' the record." *Doeblers' Pa. Hybrids, Inc. v. Doebler*, 442 F.3d 812, 820 n.8 (3d Cir. 2006) (quoting *Albrechtsen v. Bd. of Regents*, 309 F.3d 433, 436 (7th Cir. 2002)).

Cir. 1975). "[Plaintiff] must allege in his pleading the facts essential to show jurisdiction." *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182, 189 (1936)). The Court may dismiss a complaint for failure to comply with Rule 8(a)(1). *See, e.g., Jackson v. Sec'y Pa. Dep't of Corr.*, 438 F. App'x 74, 75 (3d Cir. 2011) (dismissing pro se plaintiff's complaint in part for failure to include short and plain statement of court's jurisdictional grounds).

The Amended Complaint, however, pleads no jurisdictional facts under Rule 8(a)(1). Plaintiff asserts no cause of action from which the Court can readily determine jurisdiction, nor does he proffer any facts as to Defendant's citizenship.[3]

The Court, therefore, dismisses the Amended Complaint (ECF No. 5) *without prejudice* for failure to comply with Rule 8. Plaintiff may file a second amended complaint no later than thirty days from the date of the accompanying Order.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 10) is **GRANTED**. An appropriate Order accompanies this Opinion.

DATED: October 23, 2025



JULIEN XAVIER NEALS
United States District Judge

---

[3] At most, Plaintiff asserts he has been domiciled in New Jersey for over a year and is diverse from the United States. (Am. Compl. ¶ 3.) That is irrelevant. Plaintiff does not name the United States as a defendant in the caption of his Amended Complaint. "The title of the complaint must name all the parties . . . ." Fed. R. Civ. P. 10(a). And, in any event, if in fact diversity is the jurisdictional basis Plaintiff asserts, "[c]omplete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as *any* defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (emphasis added).